

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

| | | |
|---|---|---|
| *Chelsea D. Coleman*<br>*Assistant U.S. Attorney* | *970 Broad Street, 7th floor*<br>*Newark, New Jersey 07102* | *973-645-2700* |

CDC/PL AGR
2024R00336

April 4, 2025

**RECEIVED**

*/* MAY 2 1 2025 *

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

Brandon D. Minde, Esq.
Dughi, Hewit & Domalewski, P.C.
340 North Avenue
Cranford, New Jersey 07016

Re:    Plea Agreement with Mallad Trading LLC

25-326

Dear Counsel:

This letter sets forth the plea agreement between your client Mallad Trading LLC ("Mallad Trading") and the United States Attorney for the District of New Jersey ("this Office"). This plea agreement will expire on **April 18, 2025**, if the parties do not execute the agreement on or before that date.

Charge

Conditioned on the understandings specified below this Office will accept a guilty plea from Mallad Trading to an Information that charges Mallad Trading with conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349.

If Mallad Trading enters a guilty plea and is sentenced on this charge and otherwise fully complies with all of the terms of this agreement, this Office: (1) will not initiate any further criminal charges against Mallad Trading or its officers, agents, and employees, including Yousef Almallad, for, from in or around December 2020 through in or around December 2021, for their respective roles in a scheme to defraud their moving customers, and (2) will file an Order for dismissal of the criminal complaint against Yousef Almallad in the case bearing docket number 21-mj-10558.

But if a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Mallad Trading even if the applicable statute of limitations period for those charges expires after Mallad Trading signs this

agreement, and Mallad Trading agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violation of 18 U.S.C. § 1349 to which Mallad Trading agrees to plead guilty carries a maximum term of probation of five years, and a statutory maximum fine which is the greatest of: (1) $200,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on Mallad Trading, the sentencing judge: (1) will order Mallad Trading to pay a special assessment of $400, pursuant to 18 U.S.C. § 3013(a)(2)(B), which must be paid by the date of sentencing; and (2) may order Mallad Trading to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*

<u>Agreed Disposition</u>

This Office and Mallad Trading agree that the appropriate disposition of this case is as follows (the "Agreed Disposition"):

(1)   **Restitution:** Pursuant to U.S.S.G. § 8B1.1(a) and 18 U.S.C. § 3663(a)(3), as a result of engaging in a conspiracy to defraud its moving customers, Mallad Trading agrees to pay full restitution to the victims of the offense charged in the Information in an amount that fully compensates the victims for the losses sustained as a result of the offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), Mallad Trading agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

(2)   **Fine:** Pursuant to U.S.S.G. § 8C3.3(a), the imposition of a fine would impair Mallad Trading's ability to make restitution in this matter. Therefore, no fine shall be imposed.

(3)   **Probation:** Mallad Trading shall not be subject to a term of probation.

This Office and Mallad Trading agree that the Agreed Disposition is reasonable, and the appropriate disposition in this case. The sentence to be imposed upon Mallad Trading is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing

Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Mallad Trading ultimately will receive.

Stipulations

This Office and Mallad Trading will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond at sentencing to questions from the Court and to correct at sentencing or through a timely motion under Federal Rule of Criminal Procedure 35(a) factually inaccurate information that has been provided to or adopted by the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

Waiver of Appeal and Post-Sentencing Rights

If the Court sentences Mallad Trading to the Agreed Disposition, neither party will appeal that sentence. Mallad Trading further agrees that, in exchange for the concessions this Office made in entering into this plea agreement, it will not challenge its conviction for any reason by any means, other than ineffective assistance of counsel, and it will not challenge or seek to modify any component of its sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a coram nobis petition, or any other

petition or motion, however captioned, that seeks to attack or modify any component of the judgment of conviction or sentence. Lastly, the parties have stipulated to certain facts in the Schedule A to this plea agreement. Accordingly, the parties agree that they will not challenge at any time, using any means, the Court's acceptance of those stipulated facts.

Corporate Authorization

Mallad Trading agrees that it is authorized to enter into this agreement, that it has authorized the undersigned corporate representative, Brandon D. Minde, Esq., to take this action, and that all corporate formalities for such authorization have been observed. By entering this guilty plea, Mallad Trading hereby waives all objections to the form of the charging document and admits that it is in fact guilty of the offense charged in the Information.

Mallad Trading has provided to the United States a certified copy of a resolution of the governing body of Mallad Trading, affirming that it has authority to enter into this agreement and has: (1) reviewed this plea agreement; (2) consulted with legal counsel in this matter; (3) authorized execution of this agreement; (4) authorized Mallad Trading to plead guilty to the Information; and (5) authorized Brandon D. Minde, Esq. to execute this agreement and all other documents necessary to carry out the provisions of this agreement. A copy of this resolution is attached hereto as Exhibit A.

No Other Promises

This agreement and the Exhibit hereto constitute the plea agreement between Mallad Trading and this Office and together their terms supersede any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By:     /s/ Chelsea D. Coleman
        Chelsea D. Coleman
        Assistant U.S. Attorney

APPROVED:

Joshua L. Haber
Deputy Chief, Criminal Division

I am the authorized corporate representative for Mallad Trading LLC ("Mallad Trading"). I have received this letter. I have read the letter and all of its provisions, including those addressing the charges, sentencing, stipulations, restitution, fine, and waiver. I understand this letter fully. On behalf of and with the express authorization of Mallad Trading, I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. Mallad Trading understands that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. Mallad Trading wants to plead guilty pursuant to this plea agreement.

I have had no involvement whatsoever in the business or operations of Mallad Trading or any of its affiliates, and I have no knowledge of the facts or circumstances set forth in this agreement. My execution of the agreement is solely in my capacity as an authorized person on behalf of Mallad Trading, solely for the purpose of binding Mallad Trading to this agreement. I have no fiduciary duties, agency, authority, rights, powers, or privileges with respect to Mallad Trading or any of its affiliates other than the authority to sign this agreement on behalf of Mallad Trading.

Date: 4/10/2025

Brandon D. Minde, Esq.
Counsel for Mallad Trading LLC

Plea Agreement With Mallad Trading LLC ("Mallad Trading")

Schedule A

The United States and Mallad Trading agree to stipulate to the following facts:

1.      At all times relevant to this agreement, Mallad Trading is a privately held corporation, which was incorporated in New Jersey in or about May 2019. Mallad Trading engages in the business of moving household goods.

2.      From in or around December 2020 through in or around December 2021, Mallad Trading knowingly and intentionally conspired and agreed with others to devise a scheme and artifice to defraud, and to obtain money and property from moving customers (the "Victims"), by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, did knowingly and intentionally transmit and cause to be transmitted by means of wire communications in interstate commerce, certain writings, signs, signals, pictures, and sounds.

3.      Once the Victims entered into contracts for moving services with household goods brokers (the "Brokers") and received an initial estimate for the cost of moving services, Mallad Trading and its co-conspirators obtained the Victims' contracts from the Brokers for execution of the moving services.

4.      During the agreed-upon move date, or sometimes after the agreed-upon move date, Mallad Trading would arrive at the Victims' residences and load the household goods onto its moving trucks.  Mallad Trading would then drastically raise the price of the move, and then refuse to deliver the Victims' goods until the Victims' paid the increased price.

5.      At the execution of moving services, Mallad Trading responded to the Victims' residence, loaded the Victims' household goods into moving trucks, and then drastically increase the cost of the move (often two or three times that of the quoted estimate), contrary to 49 C.F.R. § 375.

6.      Mallad Trading would communicate with the Victims via telephone and email communication.  Mallad Trading would communicate with the Victims via telephone and Mallad Trading would demand the Victims pay the inflated charge.

<u>**Exhibit A**</u>

<u>**RESOLUTIONS OF MALLAD TRADING LLC**</u>

**WHEREAS**, Mallad Trading LLC ("Mallad Trading") is a limited liability company;

**WHEREAS**, Mallad Trading is a defendant in that certain criminal prosecution captioned *United States v. Mallad Trading LLC*, and has been offered a plea agreement to resolve the prosecution (the "Plea Agreement");

**WHEREAS**, pursuant to the Plea Agreement, Mallad Trading will pay full restitution to the victims of the offense charged in the Information in an amount that fully compensates the victims for the losses sustained as a result of the offense, and agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing;

**WHEREAS**, Mallad Trading is required to execute the Plea Agreement;

**NOW THEREFORE IT IS:**

**RESOLVED**, that Mallad Trading be, and hereby is, authorized and empowered to enter into the Plea Agreement with the Office;

**RESOLVED**, that Mallad Trading's execution, delivery, and performance of the Plea Agreement, including pleading guilty to the Information subject to the conditions set forth in the Plea Agreement, be and hereby are approved in all respects;

**RESOLVED**, that Brandon D. Minde, Esq., outside legal counsel for Mallad Trading, are authorized, empowered and directed, on behalf of Mallad Trading, (i) to execute and deliver the Plea Agreement with the Office, and all other documentation required to be executed by legal counsel in connection with the Plea Agreement; and (ii) to take all actions necessary or appropriate for the execution, delivery, and performance of the Plea Agreement; and

**IN WITNESS WHEREOF,** the undersigned have executed this Action by Written Consent as of the date first above written.

DATED: 4/10/2025                    BY: _____

Brandon D. Minde, Esq.